UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNAVON C. THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1467** |
| **JUDGE TRACEY F. DAVILLIER** | **SECTION: "L"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Johnavon C. Thompson, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. When he filed the complaint, he neither paid the required filing fee nor applied to proceed *in forma pauperis*. Therefore, the Clerk of Court issued a Notice of Deficient Filing directing plaintiff to correct that deficiency;[1] however, plaintiff failed to do so. On July 6, 2022, the undersigned United States Magistrate Judge then issued an order directing him to either pay the required filing fee or file an application to proceed *in forma pauperis* on or before July 28, 2022. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed.[2] Plaintiff has not complied with the Court's order.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 3.

Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff was notified by the Court that he must either pay the required filing fee or file an application to proceed *in forma pauperis* on or before July 28, 2022.  To date, he has not complied with that order.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   3rd    day of August, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**